**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 13, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**
_____

BRIAN WASHINGTON,

    Plaintiff - Appellant,

v.

JARED POLIS; JENA GRISWOLD;
and DAVE YOUNG,

    Defendants - Appellees.

No. 19-1468
(D.C. No. 1:19-CV-00989-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

This appeal follows the dismissal of a pro se complaint for failure to comply with federal pleading standards. Because the appeal does not challenge the district court's reasoning, we affirm.

This case began when Mr. Brian Washington filed a purported "letter of credit" seeking $4.2 trillion from the federal government. The district

_____

[*]    Oral argument would not materially help us to decide this appeal, so we have thus decided the appeal based on the appellate briefs and the record on appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

court could not discern a specific cause of action from the filing, but opened a case under 42 U.S.C. § 1983. Given the absence of an identifiable claim, the court

- directed Mr. Washington to use a court-approved form for the complaint and

- told Mr. Washington how to cure the pleading defect.

Mr. Washington filed an amended complaint, but it was just as cryptic. The court thus dismissed the amended complaint under Fed. R. Civ. P. 8, which requires federal complaints to "simpl[y], concise[ly], and direct[ly]" state a plausible claim for relief. Fed. R. Civ. P. 8(a), (d)(1). On appeal, Mr. Washington again asks us to discharge all of his "public debt" without saying what was wrong with the district court's ruling.

When reviewing a dismissal under Rule 8, we ordinarily apply the abuse-of-discretion standard. *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1167 (10th Cir. 2010). But arguments not clearly made in an opening brief are waived even when the appellant is pro se. *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012). Though a pro se litigant's filings are construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam), the court cannot act as an advocate for pro se litigants, *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840–41 (10th Cir. 2005); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

2

Even under the most liberal construction, Mr. Washington's brief makes only a conclusory assertion of error. By failing to address the district court's reasoning, Mr. Washington has waived appellate review of the dismissal under Rule 8.

The absence of any challenge to the district court's reasoning is fatal because "we will not question the reasoning of a district court unless an appellant 'actually argue[s]' against it." *Clark v. Colbert*, 895 F.3d 1258, 1265 (10th Cir. 2018) (alteration in original) (quoting *Phillips v. Calhoun*, 956 F.2d 949, 954 (10th Cir. 1992)). We thus affirm the dismissal.[1]

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[1] Despite the affirmance, we grant leave to proceed in formal pauperis.